UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:12-CR-00020-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HYSEN SHERIFI, | ) | |
| SHKUMBIN SHERIFI, | ) | |
| NEVINE ALY ELSHIEKH | ) | |
| | ) | |

This matter is before the court on the government's request that the court or its designee conduct an *in camera* review of materials seized pursuant to search warrants to determine whether any such documents are protected by the attorney-client privilege. The only defendant to file a response to the request is defendant Shkumbin Sherifi, and he consents.

Specifically, the government requests that the court review for privilege three sets of the documents currently in the possession of the Federal Bureau of Investigation ("FBI"). Based on the designations on the documents themselves (e.g., envelope marked "legal mail") and a representation from a family member of defendant Shkumbin Sherifi, the referenced documents may contain information protected by the attorney-client privilege. Nonetheless, the FBI believes the documents may contain evidence related to this case and ongoing criminal activity. The government represents that the documents have not been thoroughly reviewed by the FBI or the U.S. Attorney's Office.

In support of its request, the government refers the court to case law regarding the use of

"filter teams"[1] to review potentially privileged documents. Such teams are usually composed of government attorneys and/or agents, none of whom are involved in the subject investigation or prosecution. See United States v. Myers, 593 F.3d 338, 341 n.5 (4th Cir. 2010) ("Courts sometimes allow privilege review by government attorneys uninvolved in the matter; they are called a 'privilege team' or 'taint team.'" (citations omitted)). As one court has summarized the law in this area:

> Federal district courts have expressed mixed views of the use of government taint teams in criminal proceedings. While some courts believe that "[t]he use of a taint team is a proper, fair and acceptable method of protecting privileged communications . . .," others insist that "reliance on the implementation of a [taint team], especially in the context of a criminal prosecution, is highly questionable, and should be discouraged."
> Despite such wide-ranging views, there do appear to be some common factors courts consider when assessing the use of a government taint team. First, "government taint teams seem to be used primarily in limited, exigent circumstances in which government officials have already obtained the physical control of potentially privileged documents. . . . In such cases, the potentially-privileged documents are already in the government's possession, and so the use of the taint team to sift the wheat from the chaff constitutes an action respectful of, rather than injurious to, the protection of privilege." Second, use of a government taint team appears to be viewed more favorably when the lawfulness of the acquisition of the documents to be reviewed was not initially challenged. Third, courts appear to be more willing to approve the use of government taint teams when there is a more extensive number of documents at issue. Fourth, courts have given at least some consideration to the taint team's effect on the "appearance of fairness."

United States v. Jackson, No. 07-0035, 2007 WL 3230140, at *5 (D.D.C. Oct. 30, 2007) (citations omitted) (alterations in original).

---

[1] A number of terms are used to refer to such a team, e.g., "taint team" or "privilege team."

In this case, rather than using a government filter team, the government suggests it is more appropriate for the court to conduct the review because the party who may hold the privilege has already been indicted. This procedure has been approved when the burden of review is minimal and to promote the appearance of fairness. See id., at *6 (appointing magistrate judge to review electronic records for privilege). Given that defendants have not challenged the validity of the search warrants; the documents at issue do not appear to be voluminous; and no defendant has lodged an objection, the court finds that *in camera* review is warranted.

The government's request is ALLOWED. The FBI is DIRECTED to submit the documents referenced in the government's request to Magistrate Judge James E. Gates for review of material subject to the attorney-client privilege. The court leaves to Judge Gates's discretion the method of review and the procedure for return of the documents to the appropriate party. The U.S. Attorney is DIRECTED to provide the FBI with a copy of this order.

This 4 April 2012.

W. Earl Britt
Senior U.S. District Judge