IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:12-CR-20-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HYSEN SHERIFI, | ) | |
| SHKUMBIN SHERIFI, and | ) | |
| NEVINE ALY ELSHIEKH, | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court in connection with the portion of its 10 May 2012 Order (D.E. 123) providing defendant Hysen Sherifi ("defendant") the opportunity to assert claims of privilege with respect to certain documents[1] seized by the government during the investigation of this case and reviewed *in camera*. The 10 May 2012 Order allowed defendant until 31 May 2012 to file and serve on the other parties a privilege log and memorandum supporting any claim of privilege and provided that if he made no such filing the court would deem him to have waived any privilege with respect to the documents. (*See* 10 May 2012 Order ¶¶ 4, 5).

At the 29 May 2012 status conference in this case, the court inquired of defendant whether he intended to assert any privilege as to the subject documents. He indicated that he did not. In response to further questioning by the court, he also indicated that he had no objection to the court going ahead and returning the documents to the government without waiting until the deadline set in the 10 May 2012 Order. Defendant's standby counsel represented that he had previously met with defendant and made the documents available to him for his review.

---

[1] The subject documents were served on defendant through his stand-by counsel, who received them via Federal Express on 18 May 2012.

In light of the representations by defendant and his stand-by counsel at the conference, the court concludes that defendant has made a knowing and voluntary waiver of any privilege he may have had with respect to the subject documents. Accordingly, the court will proceed with returning the documents to the government.

IT IS THEREFORE ORDERED as follows:

1. The government shall make arrangements with the undersigned's chambers to pick up the documents no later than 1 June 2012.

2. No later than 14 June 2012, the government shall produce to the other two defendants copies of any of the documents in question that are subject to production under Rule 16. To facilitate review by these defendants, the documents shall be produced to them by the government in the same order in which they are returned to the government by the court. The government shall make a record of all the documents being returned to it in the event subsequent proceedings regarding them as a collection of seized documents are necessary.

SO ORDERED, this the 30th day of May 2012.

James E. Gates
United States Magistrate Judge