UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:12-CR-20-1BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | <u>UNITED STATES' AMENDED</u> |
| | ) | <u>PROPOSED JURY INSTRUCTIONS</u> |
| HYSEN SHERIFI | ) | |
| | ) | |
| | ) | |

The United States of America, by and through Attorneys for the United States Attorney for

the Eastern District of North Carolina and the Department of Justice, respectfully requests that the

Court include the attached amended proposed instructions in its charge to the jury in this case, and

requests leave to propose additional instructions as may become appropriate during the course of the

trial.

## **INSTRUCTIONS**

**I.   GENERAL PRELIMINARY INSTRUCTION AT THE BEGINNING OF TRIAL**

      1.   Court's Comments on Certain Evidence

      2.   Court's Questions to Witnesses

      3.   Court's Comments to Counsel

      4.   Objections and Rulings

**II.   GENERAL INSTRUCTIONS AFTER THE PRESENTATION OF ALL EVIDENCE**

    **A.   Beginning of Final Instructions**

      5.   Introduction to the Final Charge – Province of the Court and of the Jury

      6.   Presumption of Innocence and Burden of Proof

    **B.   Consideration of the Evidence by the Jury**

7.      Consider Each Count Separately

8.      Evidence Received in the Case – Stipulations,
        Judicial Notice, and Inferences Permitted

9.      Judging the Evidence

10.     Direct and Circumstantial Evidence

11.     Charts and Summaries

12.     Audio Recordings and Transcripts

13.     Jury's Recollection Controls

14.     Effect of the Defendant's Failure to Testify/Testimony of Defendant

15.     All Available Evidence Need Not Be Produced

16.     Opinion Evidence – The Expert Witness

17.     Proof May Be Disjunctive

18.     "On or About" and "In or Around" – Explained

19.     "Knowingly" – Defined

20.     Proof of Knowledge or Intent

21.     Proof of Knowledge or Intent - Rule 404(b) Evidence

**C.      The Offenses Charged, Definitions, and Related Instructions**

**Count One:**  Violation of Title 18, United States Code, Section 1958(a):
Conspiracy to Use Interstate Commerce in the Commission of Murder for Hire

22.     Count One:  The Statute

23.     Count One:  The Nature of the Offense

24.     Count One:  The Elements

25.     Counts One:  Existence of an Agreement

26.     Counts One:  Membership

27.     Counts One:  Overt Act Defined

28.     Counts One:  Object of the Conspiracy

**Counts Two through Five:**  Violation of Title 18, United States Code, Section 1958(a) and Section 2:  Use of Interstate Commerce in the Commission of Murder for Hire

29.     Counts Two - Five:  The Statute

30.     Counts Two - Five:  The Nature of the Offenses

31.     Counts Two - Five:  The Elements of the Underlying Offense

32.     Counts Two - Five:  "Aiding and Abetting" Defined

**Count Six:**  Violation of Title 18, United States Code, Section 1513(f): Conspiracy to Retaliate Against a Witness

33.     Count Six:  The Statute

34.     Count Six: The Nature of the Offense

35.     Count Six:  The Elements

36.     Count Six:  Existence of an Agreement

37.     Count Six:  Membership

38.     Count Six:  Overt Act Defined

39.     Count Six:  Object of the Conspiracy

**Count Seven:**  Violation of Title 18, United States Code, Section 1513(a)(1)(A): Intent to Retaliate against a Witness

40.     Count Seven:  The Statute

Case 7:12-cr-00020-FL     Document 323     Filed 11/07/12     Page 3 of 76

41.     Count Seven:  The Nature of the Offense

42.     Count Seven:  The Elements of the Underlying Offense

43.     Count Seven:  Aiding and abetting defined

**Count Eight:**  Violation of Title 18, United States Code, Section 1512(k): Conspiracy to Tamper with a Witness

44.     Count Eight:  The Statute

45.     Count Eight:  The Elements

46.     Count Eight:  Existence of an Agreement

47.     Count Eight:  Membership

48.     Count Eight:  Overt Act Defined

49.     Count Eight:  Object of the Conspiracy

**Count Nine:**  Violation of Title 18, United States Code, Section 1512(a)(1)(A): Tampering with a Witness

50.     Count Nine:  The Statute

51.     Count Nine:  The Nature of the Offense

52.     Count Nine:  The Elements of the Underlying Offense

53.     Counts Nine:  "Aiding and Abetting" Defined

**D.     Verdict - Election of Foreperson - Duty to Deliberate - Unanimity - Punishment - Form of Verdict - Communication with Court**

Case 7:12-cr-00020-FL     Document 323     Filed 11/07/12     Page 4 of 76

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION No. 1</u>
<u>Court's Comments on Certain Evidence</u>

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts, and the jury may disregard them entirely. You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

1A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, § 11.06 (6th Ed. 2008 & Supp.)

Court's Questions to Witnesses

During the course of a trial, I may occasionally ask questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may relate. The Court may ask a question simply to clarify a matter—not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 11.05 (6th Ed. 2008 & Supp.); *see also United States v. Bumpass*, 60 F.3d 1099, 1104 (4th Cir. 1995)

Case 7:12-cr-00020-FL    Document 323    Filed 11/07/12    Page 6 of 76

Court's Comments to Counsel

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 11.04 (6th Ed. 2008 & Supp.)

Case 7:12-cr-00020-FL    Document 323    Filed 11/07/12    Page 7 of 76

GOVERNMENT'S PROPOSED JURY INSTRUCTION No. 4
Objections and Rulings

Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his or her client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 11.03 (6th Ed. 2008 & Supp.)

8

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel, it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that

9

given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendants.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 12.01 (6th Ed. 2008 & Supp.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION No. 6
Presumption of Innocence and Burden of Proof

I instruct you that you must presume the defendants to be innocent of the crimes charged.

Thus the defendants, although accused of crimes in the indictment, begin the trial with a "clean slate"—with no evidence against them. The indictment, as you already know, is not evidence of any kind. The defendants are, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendants.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendants are not even obligated to produce any evidence by cross-examining the witnesses for the government. Unless the government proves each and every element of the offenses charged in the Indictment beyond a reasonable doubt, you must find the defendants not guilty of the offense. It is not required that the government prove guilt beyond all possible doubt, however. The test is one of reasonable doubt.

Adapted from 1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 12.10 (6th Ed. 2008 & Supp.); *United States v. Najjar*, 300 F.3d 466, 486 (4th Cir. 2002) (improper for district court to define reasonable doubt unless jury specifically requests a definition); *United States v. Walton*, 207 F.3d 694, 699 (4th Cir. 2000) (*en banc*) (discouraging further definition of reasonable doubt standard and declining to require providing a definition, even when jury requests one).

11

GOVERNMENT'S PROPOSED JURY INSTRUCTION No. 7
Consider Each Count Separately

A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find the defendants guilty or not guilty as to one of the counts should not control your verdict as to any other count.

1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 12.11 (6th Ed. 2008 & Supp.)

12

GOVERNMENT'S PROPOSED JURY INSTRUCTION No. 8
Evidence in the Case – Stipulations – Judicial Notice – Inferences Permitted

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—and all facts which may have been agreed to or stipulated. When the attorneys on both sides stipulate or agree as to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard the fact as proved.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you. Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. Questions, objections, statements, and arguments of counsel are not evidence in the case. If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answer is evidence.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense. Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

13

Adapted from 1A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, §§ 12.03, 12.05, 12.08 (6th Ed. 2008 & Supp.); *see also United States v. Williams*, 632 F.3d 129, 134 (4th Cir. 2011) (noting that a stipulation may "essentially establish[] an element of the crime"); *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994) (discussing the jury's right to make reasonable inferences).

14

GOVERNMENT'S PROPOSED JURY INSTRUCTION No. 9
Judging The Evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendants are proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 12.02 (6th Ed. 2008 & Supp.)

15

GOVERNMENT'S PROPOSED JURY INSTRUCTION No. 10
Direct and Circumstantial Evidence

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 12.04 (6th Ed. 2008 & Supp.); *see also Holland v. United States*, 348 U.S. 121, 140 (1954).

16

GOVERNMENT'S PROPOSED JURY INSTRUCTION No. 11
Charts and Summaries

Charts or summaries have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, and other documents which are in evidence in the case. Such charts or summaries are not evidence in this trial or proof of any fact. If you find that these charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard the charts or summaries.

In other words, such charts or summaries are used only as a matter of convenience for you and to the extent that you find they are not, in truth, summaries of facts or figures shown by the evidence in the case, you can disregard them entirely.

1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 14.02 (6th Ed. 2008 & Supp.); *see also United States v. Bray*, 139 F.3d 1104, 1112 (6th Cir.1998)

17

## GOVERNMENT'S PROPOSED JURY INSTRUCTION No. 12
### Audio Recordings and Transcripts

Audio recordings of conversations have been received in evidence and have been played for you. Transcripts of these recorded conversations have been furnished to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The audio recordings are evidence in the case. The transcripts are not evidence. If you perceive any variation between the two, you will be guided solely by the audio recordings and not by the transcripts.

---

1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 14.09 (6th Ed. 2008 & Supp.); *see also United States v. Collazo*, 732 F.2d 1200, 1203 (4th Cir.1984)

18

GOVERNMENT'S PROPOSED JURY INSTRUCTION No. 13
Jury's Recollection Controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 12.07 (6th Ed. 2008 & Supp.)

19

A.

The defendants in a criminal case have an absolute right under our Constitution not to testify.

The fact that a defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his or her privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 15.14 (6th Ed. 2008 & Supp.)

B.

The law permits the defendant, if he so desires, to testify on his own behalf. A defendant who wishes to testify is a competent witness; and defendant's testimony is to be judged in the same way as that of any other witness. The testimony of a defendant is before you and you must determine to what extent you believe it. The vital interest of the defendant in the result of his own case does not by itself automatically mean that he has not told the truth. Yet each defendant does have an interest in the outcome of this case greater than that of any other witness, and you may consider that interest in weighing the credibility of his or her testimony.

*Regan v. United States*, 157 U.S. 301,305 (1895) ("The fact that he is a Defendant does not condemn him as unworthy of belief, but at the same time it creates an interest greater than that of any other witness, and to that extent affects the question of credibility. It is, therefore, a matter properly to be suggested by the court to the jury."); *United States v. Figurski*, 545 F.2d 389, 392 (4th Cir.

20

1976) ("It was not improper for the district court in instructing the jury about Defendant's credibility as a witness, to point out Defendant's vital interest in the outcome of the case . . . ."); *United States v. Ylda*, 643 F.2d 348, 352 (5th Cir. 1981) (holding the charge that the Defendant has a "very keen personal interest in the result of your verdict" to be proper); *United States v. Anderson*, 642 F.2d 281, 286 (9th Cir. 1981) ("[I]t was proper to instruct the jury that, in considering the credibility of the Defendant's testimony, it could take into consideration their interest in the outcome of the case . . . ."); *United States v. Stout*, 601 F.2d 325, 329 (7th Cir. 1979) (holding than an instruction that the jury should consider the defendant's "vital interest in the outcome of his trial" to be proper); *United States v. Hill*, 470 F.2d 361, 365 (D.C. Cir. 1972) ("[The Defendant's] interest is a very special one and we adhere to that long line of cases which hold that it may be the subject of a specific instruction."); Devitt and Blackmar, Federal Jury Practice and Instructions § 17.12 (3d Ed. 1977)).

Case 7:12-cr-00020-FL    Document 323    Filed 11/07/12    Page 21 of 76

GOVERNMENT'S PROPOSED JURY INSTRUCTION: No. 15
All Available Evidence Need Not Be Produced

The law does not require the prosecution to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.

However, in judging the credibility of the witnesses who have testified, and in considering the weight and effect of all evidence that has been produced, the jury may consider the prosecution's failure to call other witnesses or to produce other evidence shown by the evidence in the case to be in existence and available.

The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and no adverse inferences may be drawn from his failure to do so.

1 Devitt & Blackmar, Federal Jury Practice and Instructions, 564, § 17.18 (3d Ed. 1977); *United States v. Anudu*, 1996 WL 67214, 7 (4th Cir. Feb. 16, 1996)

22

GOVERNMENT'S PROPOSED JURY INSTRUCTION: No. 16
Opinion Evidence – The Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses".  An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves.  You should consider the testimony of expert witnesses just as you consider other evidence in this case.  If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence including that of other "expert witnesses", you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 14.01 (6th Ed. 2008 & Supp.); *see also* Fed. R. Evid. 702

23

The Court instructs the jury that although the Indictment may charge a defendant with committing an offense in several ways, using conjunctive language, it is sufficient if the United States proves the offense in only one of the ways charged. In other words, the jury may convict if it finds that all elements of the charged offense have been proven beyond a reasonable doubt, even if it does not believe that the offense has been committed in some of the specific ways identified in the Indictment.

*United States v. Perry*, 560 F.3d 246, 256 (4th Cir. 2009) ("It is well established that when the Government charges in the conjunctive, and the statute is worded in the disjunctive, the district court can instruct the jury in the disjunctive."); *United States v. Montgomery*, 262 F.3d 233, 242 (4th Cir. 2001); *United States v. Champion*, 387 F.2d 561, 564 n.6 (4th Cir. 1967); *United States v. Cruz*, 439 Fed. App'x 209, 214, 2011 WL 2784102, at *4 (4th Cir. July 18, 2011) ("[I]t is well-established that where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means." ) (citing *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000))

The Indictment charges that the offenses alleged were committed "on or about" a certain date or time period.

Although it is necessary for the United States to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the Indictment, it is not necessary for the United States to prove that the offense was committed precisely on the date charged.

A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 13.05 (6th Ed. 2008 & Supp.); *see also United States v. Wood*, 1995 WL 321258, at *4 (4th Cir. 1995) (explaining that where the Indictment uses "on or about" language, "[p]roof of possession on the exact date alleged is not a requirement of conviction . . . . The evidence is sufficient to convict [where] it prove[s] that the crimes occurred reasonably near the date charged in the indictment.") (quoting *United States v. Brewer*, 1 F.3d 1430, 1437 (4th Cir.1993)); *United States v. Valdes*, 1991 WL 18167, at *2 (4th Cir. 1991); *United States v. Ward*, 676 F.2d 94, 96-97 (4th Cir. 1982).

GOVERNMENT'S PROPOSED JURY INSTRUCTION:  No.19
"Knowingly" – Defined

The term "knowingly," as used in these instructions to describe the alleged state of mind of the defendants, means that the defendant was conscious and aware of his or her action or omission, realized what he or she was doing or what was happening around him or her, and did not act because of ignorance, mistake, or accident.

1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 17.04 (6th Ed. 2008 & Supp.); *see also United States v. Fowler*, 932 F.2d 306, 317 (4th Cir. 1991); *United States v. Caso*, 1991 WL 101559, at \*9 (4th Cir. 1991)*; United States v. Long*, 1999 WL 150832, at \*4 (4th Cir. March 19, 1999)

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 17.07 (6th Ed. 2008 & Supp.); *see also United States v. Godwin*, 272 F.3d 659, 666 (4th Cir. 2001)*; United States v. Ham*, 998 F.2d 1247, 1254 (4th Cir. 1993); *United States v. Bales*, 813 F.2d 1289, 1294 (4th Cir. 1987)

27

GOVERNMENT'S PROPOSED JURY INSTRUCTION No. 21
Proof of Knowledge or Intent – Rule 404(b) Evidence

You have heard evidence that a defendant committed other crimes not charged here. You may consider this evidence only for its bearing, if any, on the question of that defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [and] [absence of accident] and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

Ninth Circuit Manual of Model Jury Instructions – Criminal § 4.3; *see also* Tenth Circuit Criminal Pattern Jury Instructions § 1.30; Sixth Circuit Criminal Pattern Jury Instructions § 7.13; First Circuit Criminal Pattern Jury Instructions § 2.05; Fifth Circuit Criminal Pattern Jury Instructions § 1.30; Third Circuit Criminal Pattern Jury Instructions § 4.29; Eleventh Circuit Criminal Pattern Jury Instructions – Trial Instruction 1; *United States v. Hodge*, 354 F.3d 305, 312 (4th Cir. 2004); *United States v. Thomas*, 189 Fed. App'x 219, 224 (4th Cir. 2006); *United States v. Thomas*, 189 Fed. Appx. 219, 224 (4th Cir. 2006) (citing *United States v. Cassell*, 292 F.3d 788, 795 (D.C. Cir. 2002)

Under Rule 404(b), prior bad acts are admissible if they are: (1) relevant to an issue other than character; (2) necessary; and (3) reliable. *United States v. Greenwood*, 796 F.2d 49, 53 (4th Cir.1986); *United States v. Echeverri-Jaramillo*, 777 F.2d 933, 936 (4th Cir.1985); *United States v. Hadaway*, 681 F.2d 214, 217 (4th Cir.1982). In order for evidence to be relevant, it must be sufficiently related to the charged offense. *See United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir.1988). It is "necessary" if it is an essential part of the crimes on trial, *see United States v. Masters*, 622 F.2d 83, 86 (4th Cir.1980), or where it "furnishes part of the context of the crime," *see United States v. Smith*, 446 F.2d 200, 204 (4th Cir.1971).

The prosecution may introduce evidence of prior bad acts to show "proof of motive, opportunity, intent, or absence of mistake or accident." Rule 404(b). This list, however, is not exhaustive. *United States v. Stockton*, 788 F.2d 210, 219 n.15 (4th Cir.1986). Even if the evidence is admissible under Rule 404(b), its probative value must be weighed against the danger of undue prejudice aroused by the evidence. *United States v. King*, 768 F.2d 586, 588 (4th Cir.1985); *United States v. Johnson*, 634 F.2d 735, 737 (4th Cir.1980); *Rawle*, 845 F.2d at 1247; *United States v. Bice-Bey*, 701 F.2d 1086, 1089 (4th Cir.1983). The trial judge has wide discretion in balancing possible prejudice. *King*, 768 F.2d at 587-588.

28

18 U.S.C. § 1958 provides as follows:  Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so [is guilty of a crime].

Case 7:12-cr-00020-FL     Document 323     Filed 11/07/12     Page 29 of 76

GOVERNMENT'S PROPOSED JURY INSTRUCTION No. 23
Count One: The Nature of the Offense Charged

Count One of the Indictment charges that no later than in or about December 2011, and continuing up to and including on or about January 22, 2012, in the Eastern District of North Carolina and elsewhere, the defendants, HYSEN SHERIFI, SHKUMBIN SHERIFI and NEVINE ALY ELSHIEKH, did knowingly conspire, confederate, agree and have a tacit understanding with each other and others known and unknown, to travel in, and case another to travel in, interstate commerce, and use and cause another to use the mail and facilities of interstate commerce, with the intent that a murder be committed in violation of the laws of North Carolina as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything or pecuniary value, specifically, United States currency, in violation of Title 18, United States Code, Section 1958(a).

In order to sustain its burden of proof for the crime of conspiracy to commit the offense charged in Count One of the Indictment, the United States must prove the following elements beyond a reasonable doubt:

> First, that two or more persons conspired and agreed to achieve the unlawful purpose of murder-for-hire [here, the court should explain the elements of the substantive crime, by explaining that the defendant traveled or caused someone else to travel interstate (or used or caused someone else to use an interstate facility); that this travel (or use of an interstate facility) was done with the intent that a murder be committed in violation of North Carolina General Statute 14-17 [a person commits the offense of murder if he or she kills another living human being with malice (meaning the expressed emotions of hatred, ill-will and spite) and a specific intent to kill formed after premeditation and deliberation]; and that the murder in question was intended to be committed as consideration for the receipt of anything of pecuniary value.];

> Second, that the defendant knew of the agreement; and

> Third, that the defendant intentionally joined the conspiracy. The government must prove that the defendant had the specific intent to join the conspiracy.

To act knowingly is to act with knowledge of the facts that constitute the offense but not necessarily with knowledge that the facts amount to illegal conduct. Expressed another way, an act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that a defendant knew that his acts or omissions

Case 7:12-cr-00020-FL    Document 323    Filed 11/07/12    Page 31 of 76

were unlawful.

A person acts knowingly as to the result of his conduct when he knows that the result is practically certain to follow from his conduct.

A person who causes a particular result is said to act knowingly if he is aware that that result is practically certain to follow from his conduct, whatever his desire may be as to that result.

It is reasonable to infer that a person ordinarily intends the natural and probable consequences of acts knowingly done or knowingly omitted. The jury may draw the inference that the defendant intended all of the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from any act knowingly done or knowingly omitted by the defendant. Any such inference drawn is entitled to be considered by the jury in determining whether or not the government has proved beyond a reasonable doubt that the defendant possessed the required criminal intent.

"Anything of pecuniary value" means anything of value in the form of money, negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage. [§ 1958(b)(1)]

The government must prove a quid pro quo between the person who solicits the murder and the person who would commit the murder. However, "as consideration for" simply means "in return for." The "in return for" may be a "promise or agreement to pay anything of pecuniary value."

The Indictment charges that during the commission of some of the offenses alleged, the defendants "travel in, and cause another to travel in, interstate commerce" and "use and cause another to use the mail and facilities of interstate commerce."

The term "facility of interstate commerce" includes means of transportation and

32

communication. Channels of commerce include the interstate transportation routes through which persons and goods move, including highways, railroads, navigable waters, and airspace. Telecommunications networks have also been deemed channels of interstate commerce. A vehicle or means of communications that crosses state lines in the course of commerce is also considered a "facility of interstate commerce."

For example, using the Internet or making a telephone call or sending a telegram constitute the use of a facility of interstate commerce regardless of whether the particular communication which is alleged actually crossed a state line. Likewise, travel on an interstate highway constitutes the use of a facility of interstate commerce regardless of whether such alleged travel actually involved crossing a state line. Any use of the United States mail constitutes the use of a facility of interstate commerce.

In regard to a murder for hire, interstate travel or use of an interstate facility must have occurred to facilitate or further the commission of the murder. It need not have been the only reason, or even the principal reason, for the interstate travel or use of an interstate facility as long as it was one of the reasons for the travel or use of a facility.

District of South Carolina, Pattern Jury Instructions, V, U; 18 U.S.C. § 1958.

33

Count One – Conspiracy – Existence of an Agreement

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime. A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail. The United States must prove that the defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would violate some law by means of some common plan or course of action as alleged in Count One of the Indictment. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the United States is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding. To prove that a conspiracy existed, moreover, the United States is not required to show that all of the people named in the Indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the Indictment.

Adapted from 2A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, Criminal § 31:04 (6th Ed. 2008 & Supp.); *see also United States v. Kingrea*, 573 F.3d 186, 195 (4th Cir. 2009) (tacit understanding sufficient, and conspiracy may be proven by circumstantial evidence) (citing *United States v. Ellis*, 121 F.3d 908, 922 (4th Cir. 1997) for former proposition and *United States v. Burgos*,

94 F.3d 849, 857 (4th Cir. 1996) for latter).

Case 7:12-cr-00020-FL    Document 323    Filed 11/07/12    Page 35 of 76

Before the jury may find that the defendant or any other person became a member of the conspiracies charged in Count One of the Indictment, the evidence in the case must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that the defendant knowingly and deliberately entered into an agreement to commit one or more of the crimes specified in the Indictment, the fact that the defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding membership in the conspiracy.

However, merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

Adapted from 2A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, Criminal § 31:05 (6th Ed. 2008 & Supp.); *see also United States v. Kingrea*, 573 F.3d 186, 195 (4th Cir. 2009); *United States v. Burgos*, 94 F.3d 849, 857-58 (4th Cir. 1996).

Count One– Overt Act Defined

In order to sustain its burden of proof under Count One of the Indictment, the United States must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act and that this overt act was performed during the existence or life of the conspiracy and was done to somehow further the goals of the conspiracy or agreement.

The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement. Although you must unanimously agree that the same overt act was committed, the United States is not required to prove more than one overt act. If adequately proven by the evidence, you may rely upon an overt act not charged in the Indictment. The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

Adapted from 2A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, Criminal § 31:07 (6th Ed. 2008 & Supp.); *see also United States v. Godwin*, 272 F.3d 659, 669 (4th Cir. 2001) (overt act need not be committed by defendant)

37

Count One – Object of the Conspiracy

The United States has charged one illegal object for each of the alleged conspiracies.  For Count One, the object of the conspiracy was a murder for hire.

38

18 U.S.C. § 1958 provides as follows:  Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value [is guilty of a crime].

18 U.S.C. § 2(a) and (b) provide as follows:  (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.  (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

39

Count Two of the Indictment charges that on or about January 2, 2012, in the Eastern District of North Carolina and elsewhere, the defendants, HYSEN SHERIFI, SHKUMBIN SHERIFI and NEVINE ALY ELSHIEKH, aiding and abetting each other, did knowingly use and cause another to use a facility of interstate commerce, specifically, a motor vehicle, with the intent that a murder be committed in violation of the laws of North Carolina as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value, specifically, United States currency, in violation of Title 18, United States Code, Sections 1958(a) and Section 2.

Count Three charges that on or about January 2, 2012, in the Eastern District of North Carolina and elsewhere, the defendants, HYSEN SHERIFI, SHKUMBIN SHERIFI and NEVINE ALY ELSHIEKH, aiding and abetting each other, did knowingly use and cause another to use a facility of interstate commerce, specifically, a telephone, with the intent that a murder be committed in violation of the laws of North Carolina as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value, specifically, United States currency, in violation of Title 18, United States Code, Section 1958(a) and Section 2.

Count Four charges that on or about January 8, 2012, in the Eastern District of North Carolina and elsewhere, the defendants, HYSEN SHERIFI, SHKUMBIN SHERIFI and NEVINE ALY ELSHIEKH, aiding and abetting each other, did knowingly use and cause another to use a facility of interstate commerce, specifically, a motor vehicle, with the intent that a murder be committed in violation of the laws of North Carolina as consideration for the receipt of, or as

40

consideration for a promise or agreement to pay, anything of pecuniary value, to wit: United States

Currency, in violation of Title 18, United States Code, Section 1958(a) and Section 2.

Count Five charges that on or about January 8, 2012, in the Eastern District of North Carolina

and elsewhere, the defendants, HYSEN SHERIFI, SHKUMBIN SHERIFI and NEVINE ALY

ELSHIEKH, aiding and abetting each other, did knowingly use and cause another to use a facility

of interstate commerce, specifically, a telephone, with the intent that a murder be committed in

violation of the laws of North Carolina as consideration for the receipt of, and as consideration for

a promise and agreement to pay, anything of pecuniary value, specifically, United States currency,

in violation of Title 18, United States Code, Section 1958(a) and Section 2.

The defendant is charged in Counts Two through Five of the indictment with use of interstate commerce facilities in the commission of murder-for-hire, in violation of section 1958 of Title 18 of the United States Code. In order for you to find the defendant guilty of this charge, the government must prove beyond a reasonable doubt the following elements of the offense:

First, that the defendant at or about the time charged in the indictment traveled or caused another to travel in interstate commerce or used or caused another to use the mail or any facility in interstate or foreign commerce;

Second, that the defendant at or about the time charged in the indictment traveled or caused another to travel in interstate commerce or used or caused another to use the mail or any facility in interstate or foreign commerce;

Third, that the travel or use of the mail or interstate facility was done with the intent that a murder be committed in violation of North Carolina General Statute 14-17 [a person commits the offense of murder if he or she kills another living human being with malice (meaning the expressed emotions of hatred, ill-will and spite) and a specific intent to kill formed after premeditation and deliberation]; and

Fourth, that anything of pecuniary value was received or promised or agreed to be paid as consideration for the murder.

To act knowingly is to act with knowledge of the facts that constitute the offense but not necessarily with knowledge that the facts amount to illegal conduct. Expressed another way, an act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake,

42

or accident. The government is not required to prove that a defendant knew that his acts or omissions were unlawful.

A person acts knowingly as to the result of his conduct when he knows that the result is practically certain to follow from his conduct.

A person who causes a particular result is said to act knowingly if he is aware that that result is practically certain to follow from his conduct, whatever his desire may be as to that result.

It is reasonable to infer that a person ordinarily intends the natural and probable consequences of acts knowingly done or knowingly omitted. The jury may draw the inference that the defendant intended all of the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from any act knowingly done or knowingly omitted by the defendant. Any such inference drawn is entitled to be considered by the jury in determining whether or not the government has proved beyond a reasonable doubt that the defendant possessed the required criminal intent.

"Anything of pecuniary value" means anything of value in the form of money, negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage. [§ 1958(b)(1)]

The government must prove a quid pro quo between the person who solicits the murder and the person who would commit the murder. However, "as consideration for" simply means "in return for." The "in return for" may be a "promise or agreement to pay anything of pecuniary value."

The Indictment charges that during the commission of some of the offenses alleged, the defendants "travel in, and cause another to travel in, interstate commerce" and "use and cause another to use the mail and facilities of interstate commerce."

43

The term "facility of interstate commerce" includes means of transportation and communication. Channels of commerce include the interstate transportation routes through which persons and goods move, including highways, railroads, navigable waters, and airspace. Telecommunications networks have also been deemed channels of interstate commerce. A vehicle or means of communications that crosses state lines in the course of commerce is also considered a "facility of interstate commerce."

For example, using the Internet or making a telephone call or sending a telegram constitute the use of a facility of interstate commerce regardless of whether the particular communication which is alleged actually crossed a state line. Likewise, travel on an interstate highway constitutes the use of a facility of interstate commerce regardless of whether such alleged travel actually involved crossing a state line. Any use of the United States mail constitutes the use of a facility of interstate commerce.

In regard to a murder for hire, interstate travel or use of an interstate facility must have occurred to facilitate or further the commission of the murder. It need not have been the only reason, or even the principal reason, for the interstate travel or use of an interstate facility as long as it was one of the reasons for the travel or use of a facility.

District of South Carolina, Pattern Jury Instructions, V, U; 18 U.S.C. § 1958.

44

## Aiding and Abetting

For Counts Two through Five, a defendant may be guilty even if he or she did not personally commit the offense if he or she "aided and abetted" another in the commission of the offense. To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the United States must prove beyond a reasonable doubt that (1) someone else committed the charged crime; and (2) the defendant willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about. This means that the United States must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him or her. The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

Adapted from First Circuit Pattern Jury Instructions; *see United States v. Burgos*, 94 F.3d 849, 873 (4th Cir.1996); *United States v. Winstead*, 708 F.2d 925, 927 (4th Cir.1983); *United States v. Arrington*, 719 F.2d 701, 705 (4th Cir.1983).

45

18 U.S.C. § 1513(a)(1)(A) provides: Whoever kills or attempts to kill another person with intent to retaliate against any person for the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; shall be punished.

18 U.S.C. § 1513(f) provides: Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

46

GOVERNMENT'S PROPOSED JURY INSTRUCTION No. 34

Count Six - The Nature of the Offense Charged


Count Six charges that beginning no later than in or around December 2011, and continuing up to and including on or about January 22, 2012, in the Eastern District of North Carolina and elsewhere, the defendants, HYSEN SHERIFI, SHKUMBIN SHERIFI and NEVINE ALY ELSHIEKH, did knowingly conspire, confederate, agree and have a tacit understanding with each other and others known and unknown to the Grand Jury, to kill other persons, with intent to retaliate against any person for testimony given by a witness in an official proceeding, that is, the providing of testimony on behalf of the United States in the trial of United States v. Sherifi, et al., 5:09-CR-216-FL, in or about September through October 2011 in the Eastern District of North Carolina, in violation of Title 18, United States Code, Sections 1513(a)(1)(A), all in violation of Title 18, United States Code, Section 1513(f).

47

Count Six- The Elements of the Offense Charged

In order to sustain its burden of proof for the crime of conspiracy to kill another person, with intent to retaliate against a person for testimony given by a witness in an official proceeding, as charged in Count Six of the indictment, the government must prove the following elements beyond a reasonable doubt:

> First, that the defendants conspired to kill or attempt to kill another person; and
>
> Second, that the defendants did so with the intent to retaliate against any person for the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding.

To act knowingly is to act with knowledge of the facts that constitute the offense but not necessarily with knowledge that the facts amount to illegal conduct. Expressed another way, an act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that a defendant knew that his acts or omissions were unlawful.

A person acts knowingly as to the result of his conduct when he knows that the result is practically certain to follow from his conduct.

A person who causes a particular result is said to act knowingly if he is aware that that result is practically certain to follow from his conduct, whatever his desire may be as to that result.

It is reasonable to infer that a person ordinarily intends the natural and probable consequences of acts knowingly done or knowingly omitted. The jury may draw the inference that the defendant

48

intended all of the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from any act knowingly done or knowingly omitted by the defendant.  Any such inference drawn is entitled to be considered by the jury in determining whether or not the government has proved beyond a reasonable doubt that the defendant possessed the required criminal intent.

"Official proceeding" means a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury; a proceeding before the Congress; a proceeding before a Federal Government agency which is authorized by law; or a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or agency or any agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce.  [§ 1515(a)(1)]

District of South Carolina, Pattern Jury Instructions, V, U; 18 U.S.C. § 1513.

49

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime. A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail. The United States must prove that the defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would violate some law by means of some common plan or course of action as alleged in Count Six of the Indictment. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the United States is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding. To prove that a conspiracy existed, moreover, the United States is not required to show that all of the people named in the Indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the Indictment.

Adapted from 2A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, Criminal § 31:04 (6th Ed. 2008 & Supp.); *see also United States v. Kingrea*, 573 F.3d 186, 195 (4th Cir. 2009) (tacit understanding sufficient, and conspiracy may be proven by circumstantial evidence) (citing *United*

50

*States v. Ellis*, 121 F.3d 908, 922 (4th Cir. 1997) for former proposition and *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) for latter).

51

Before the jury may find that the defendant or any other person became a member of the conspiracies charged in Count Six of the Indictment, the evidence in the case must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that the defendant knowingly and deliberately entered into an agreement to commit one or more of the crimes specified in the Indictment, the fact that the defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding membership in the conspiracy.

However, merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

Adapted from 2A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, Criminal § 31:05 (6th Ed. 2008 & Supp.); *see also United States v. Kingrea*, 573 F.3d 186, 195 (4th Cir. 2009); *United States v. Burgos*, 94 F.3d 849, 857-58 (4th Cir. 1996).

52

Count Six – Overt Act Defined

In order to sustain its burden of proof under Count Six of the Indictment, the United States must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act and that this overt act was performed during the existence or life of the conspiracy and was done to somehow further the goals of the conspiracy or agreement.

The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement. Although you must unanimously agree that the same overt act was committed, the United States is not required to prove more than one overt act. If adequately proven by the evidence, you may rely upon an overt act not charged in the Indictment. The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

Adapted from 2A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, Criminal § 31:07 (6th Ed. 2008 & Supp.); *see also United States v. Godwin*, 272 F.3d 659, 669 (4th Cir. 2001) (overt act need not be committed by defendant)

53

Count Six – Object of the Conspiracy

For Count Six, the object of the conspiracy was to retaliate against a person for testimony given in an official proceeding.

54

18 U.S.C. § 1513(a)(1)(A) provides: Whoever kills or attempts to kill another person with intent to retaliate against any person for the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; shall be punished.

18 U.S.C. § 2(a) and (b) provide: (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal. (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

GOVERNMENT'S PROPOSED JURY INSTRUCTION No. 41
Count Seven-The Nature of the Offense Charged

Count Seven of the Indictment charges that beginning no later than in or around December 2011, and continuing up to and including on or about January 22, 2012, in the Eastern District of North Carolina and elsewhere, the defendants, HYSEN SHERIFI, SHKUMBIN SHERIFI and NEVINE ALY ELSHIEKH, aiding and abetting each other, did knowingly attempt to kill other persons, with intent to retaliate against any person for testimony given by a witness in an official proceeding, that is, the providing of testimony on behalf of the United States in the trial of United States v. Sherifi, et al., 5:09-CR-216-FL, in or about September through October 2011 in the Eastern District of North Carolina, in violation of Title 18, United States Code, Section 1513(a)(1)(A) and Section 2.

56

In order to sustain its burden of proof for the crime of attempting to kill another person, with intent to retaliate against a person for testimony given by a witness in an official proceeding and aiding and abetting, as charged in Count Seven of the indictment, the government must prove the following elements beyond a reasonable doubt:

> First, that the defendant killed or attempted to kill another person; and
>
> Second, that the defendant did so with the intent to retaliate against any person for the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding.

To act knowingly is to act with knowledge of the facts that constitute the offense but not necessarily with knowledge that the facts amount to illegal conduct. Expressed another way, an act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that a defendant knew that his acts or omissions were unlawful.

A person acts knowingly as to the result of his conduct when he knows that the result is practically certain to follow from his conduct.

A person who causes a particular result is said to act knowingly if he is aware that that result is practically certain to follow from his conduct, whatever his desire may be as to that result.

It is reasonable to infer that a person ordinarily intends the natural and probable consequences of acts knowingly done or knowingly omitted. The jury may draw the inference that the defendant

Case 7:12-cr-00020-FL    Document 323    Filed 11/07/12    Page 57 of 76

intended all of the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from any act knowingly done or knowingly omitted by the defendant. Any such inference drawn is entitled to be considered by the jury in determining whether or not the government has proved beyond a reasonable doubt that the defendant possessed the required criminal intent.

"Official proceeding" means a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury; a proceeding before the Congress; a proceeding before a Federal Government agency which is authorized by law; or a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or agency or any agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce. [§ 1515(a)(1)]

District of South Carolina, Pattern Jury Instructions, 18 U.S.C. § 1513.

58

GOVERNMENT'S PROPOSED JURY INSTRUCTION:  No. 43
Aiding and Abetting

For Count Seven, a defendant may be guilty even if he or she did not personally commit the offense if he or she "aided and abetted" another in the commission of the offense.  To "aid and abet" means intentionally to help someone else commit a crime.  To establish aiding and abetting, the United States must prove beyond a reasonable doubt that (1) someone else committed the charged crime; and (2) the defendant willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about.  This means that the United States must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him or her.  The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting.  But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

Adapted from First Circuit Pattern Jury Instructions; *see United States v. Burgos*, 94 F.3d 849, 873 (4th Cir.1996); *United States v. Winstead*, 708 F.2d 925, 927 (4th Cir.1983); *United States v. Arrington*, 719 F.2d 701, 705 (4th Cir.1983).

59

<u>Count Eight - Statutes Defining the Offense</u>

18 U.S.C. § 1512(a)(1)(A) provides: Whoever kills or attempts to kill another person, with intent to prevent the attendance or testimony of any person in an official proceeding; shall be punished.

18 U.S.C. § 1512(k) provides: Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

60

Counts Eight: The Nature of the Offense Charged

Count Eight of the Indictment charges that beginning no later than in or around December 2011, and continuing up to and including on or about January 22, 2012, in the Eastern District of North Carolina and elsewhere, the defendants, HYSEN SHERIFI, SHKUMBIN SHERIFI and NEVINE ALY ELSHIEKH, did knowingly conspire, confederate, agree and have a tacit understanding with each other and others known and unknown to the Grand Jury, to kill other persons, with the intent to prevent the attendance and testimony of any person in official proceedings, including the trial of United States v. Subasic, 5:09-CR-216-3FL, scheduled for trial in 2012 in the Eastern District of North Carolina, in violation of Title 18, United States Code, Section 1512(a)(1)(A), all in violation of Title 18, United States Code, Section 1512(k).

Title 18, United States Code, Section 1512 (a)(1)(A) makes it a crime to tamper with a witness, victim, or informant. For you to find the defendant guilty, as charged in Count Eight of the indictment, the government must prove each of the following beyond a reasonable doubt:

First, that the defendant conspired to kill or attempt to kill another person; and

Second, that the defendant did so with intent to prevent the attendance or testimony of any person in an official proceeding.

To act knowingly is to act with knowledge of the facts that constitute the offense but not necessarily with knowledge that the facts amount to illegal conduct. Expressed another way, an act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that a defendant knew that his acts or omissions were unlawful.

A person acts knowingly as to the result of his conduct when he knows that the result is practically certain to follow from his conduct.

A person who causes a particular result is said to act knowingly if he is aware that that result is practically certain to follow from his conduct, whatever his desire may be as to that result.

It is reasonable to infer that a person ordinarily intends the natural and probable consequences of acts knowingly done or knowingly omitted. The jury may draw the inference that the defendant intended all of the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from any act knowingly done or knowingly omitted by the defendant. Any such inference drawn is entitled to be considered by the jury in

62

determining whether or not the government has proved beyond a reasonable doubt that the defendant possessed the required criminal intent.

"Official proceeding" means a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury; a proceeding before the Congress; a proceeding before a Federal Government agency which is authorized by law; or a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or agency or any agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce. [§ 1515(a)(1)]

An official proceeding need not be pending or about to be instituted at the time of the defendant's alleged conduct, and the testimony, or the record, document, or other object need not be admissible in evidence or free of a claim of privilege. [§ 1512(f)]

District of South Carolina, Pattern Jury Instructions, V, U; 18 U.S.C. § 1512.

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime. A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail. The United States must prove that the defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would violate some law by means of some common plan or course of action as alleged in Count Eight of the Indictment. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the United States is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding. To prove that a conspiracy existed, moreover, the United States is not required to show that all of the people named in the Indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the Indictment.

Adapted from 2A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, Criminal § 31:04 (6th Ed. 2008 & Supp.); *see also United States v. Kingrea*, 573 F.3d 186, 195 (4th Cir. 2009) (tacit understanding sufficient, and conspiracy may be proven by circumstantial evidence) (citing *United*

*States v. Ellis*, 121 F.3d 908, 922 (4th Cir. 1997) for former proposition and *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) for latter).

Case 7:12-cr-00020-FL    Document 323    Filed 11/07/12    Page 65 of 76

Before the jury may find that the defendant or any other person became a member of the conspiracies charged in Count Eight of the Indictment, the evidence in the case must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that the defendant knowingly and deliberately entered into an agreement to commit one or more of the crimes specified in the Indictment, the fact that the defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding membership in the conspiracy.

However, merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

Adapted from 2A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, Criminal § 31:05 (6th Ed. 2008 & Supp.); *see also United States v. Kingrea*, 573 F.3d 186, 195 (4th Cir. 2009); *United States v. Burgos*, 94 F.3d 849, 857-58 (4th Cir. 1996).

Count Eight – Object of the Conspiracy

The United States has charged one illegal object for each of the alleged conspiracies. For Count Eight, the object of the conspiracy was to prevent the attendance of a person in official proceedings.

67

GOVERNMENT'S PROPOSED JURY INSTRUCTION No. 50
Count Nine - Statutes Defining the Offense

18 U.S.C. § 1512(a)(1)(A) provides:  Whoever kills or attempts to kill another person, with intent to prevent the attendance or testimony of any person in an official proceeding; shall be punished.

18 U.S.C. § 2(a) and (b) provide:  (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal. (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

68

GOVERNMENT'S PROPOSED JURY INSTRUCTION No. 51
Counts Nine: The Nature of the Offense Charged

Count Nine of the Indictment charges that beginning no later than in or around December 2011, and continuing up to and including on or about January 22, 2012, in the Eastern District of North Carolina and elsewhere, the defendants, HYSEN SHERIFI, SHKUMBIN SHERIFI and NEVINE ALY ELSHIEKH, aiding and abetting each other, did knowingly attempt to kill other persons, with the intent to prevent the attendance and testimony of any person in official proceedings, including the trial of United States v. Subasic, 5:09-CR-216-3FL, scheduled for trial in 2012 in the Eastern District of North Carolina, in violation of Title 18, United States Code, Section 1512(a)(1)(A) and Section 2.

GOVERNMENT'S PROPOSED JURY INSTRUCTION No. 52
Count Nine- The Elements of the Underlying Offense

Title 18, United States Code, Section 1512 (a)(1)(A) makes it a crime to tamper with a witness, victim, or informant. For you to find the defendant guilty, as charged in Count Nine of the indictment, the government must prove each of the following beyond a reasonable doubt:

First, that the defendant killed or attempted to kill another person; and

Second, that the defendant did so with intent to prevent the attendance or testimony of any person in an official proceeding.

To act knowingly is to act with knowledge of the facts that constitute the offense but not necessarily with knowledge that the facts amount to illegal conduct. Expressed another way, an act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that a defendant knew that his acts or omissions were unlawful.

A person acts knowingly as to the result of his conduct when he knows that the result is practically certain to follow from his conduct.

A person who causes a particular result is said to act knowingly if he is aware that that result is practically certain to follow from his conduct, whatever his desire may be as to that result.

It is reasonable to infer that a person ordinarily intends the natural and probable consequences of acts knowingly done or knowingly omitted. The jury may draw the inference that the defendant intended all of the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from any act knowingly done or knowingly omitted by the defendant. Any such inference drawn is entitled to be considered by the jury in

70

determining whether or not the government has proved beyond a reasonable doubt that the defendant possessed the required criminal intent.

"Official proceeding" means a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury; a proceeding before the Congress; a proceeding before a Federal Government agency which is authorized by law; or a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or agency or any agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce. [§ 1515(a)(1)]

An official proceeding need not be pending or about to be instituted at the time of the defendant's alleged conduct, and the testimony, or the record, document, or other object need not be admissible in evidence or free of a claim of privilege. [§ 1512(f)]

District of South Carolina, Pattern Jury Instructions, V, U; 18 U.S.C. § 1512.

GOVERNMENT'S PROPOSED JURY INSTRUCTION: No. 53
Aiding and Abetting

For Count Nine, a defendant may be guilty even if he or she did not personally commit the offense if he or she "aided and abetted" another in the commission of the offense. To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the United States must prove beyond a reasonable doubt that (1) someone else committed the charged crime; and (2) the defendant willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about. This means that the United States must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him or her. The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

Adapted from First Circuit Pattern Jury Instructions; *see United States v. Burgos*, 94 F.3d 849, 873 (4th Cir.1996); *United States v. Winstead*, 708 F.2d 925, 927 (4th Cir.1983); *United States v. Arrington*, 719 F.2d 701, 705 (4th Cir.1983).

72

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict

73

shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A form of verdict has been prepared for your convenience and reads as follows:

[The verdict or a summary can be read to the jury]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

74

1A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, § 20.01 (6th Ed. 2008 & Supp.)

This the 7th day of November, 2012.

THOMAS G. WALKER
United States Attorney

BY:   <u>/s/ J. Frank Bradsher</u>
J. FRANK BRADSHER
Assistant United States Attorney
Criminal Division
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
Email: frank.bradsher@usdoj.gov
NC State Bar No. 14048

By:   <u>/S/ Brian S. Meyers</u>
BRIAN S. MEYERS
Assistant United States Attorney
Criminal Division
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
Email:brian.s.meyers@usdoj.gov
NC State Bar No. 32837

BY:   <u>/s/ Matthew F. Blue</u>
Matthew F. Blue
Trial Attorney
Department of Justice
National Security Division - Counterterrorism Section
950 Pennsylvania Avenue NW, Room 2712
Washington, DC 20530
Telephone: 202-514-0849
Fax: 202-514-8714
Email: matt.blue@usdoj.gov
DC Bar No. 494150

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 7th day of November, 2012, served a copy of the foregoing upon Hysen Sherifi, PRO SE, via hand delivery to the United States Marshal's Service, who thereby confirmed that it would be provided to Mr. Sherifi in custody.

By: <u>/S/ Brian S. Meyers</u>
   BRIAN S. MEYERS
   Assistant United States Attorney
   Criminal Division
   310 New Bern Avenue, Suite 800
   Raleigh, NC 27601
   Telephone: 919-856-4530
   Fax: 919-856-4487
   Email: brian.s.meyers@usdoj.gov
   NC State Bar No. 32837
   NC State Bar No. 32837