UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN  DIVISION
NO: 7:12-CR-00020-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | JURY INSTRUCTIONS |
| | ) | |
| | ) | |
| HYSEN SHERIFI | ) | |
| | ) | |

MEMBERS OF THE JURY:

You have now heard all of the evidence in the case as well as the final arguments
of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must
follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges.  I am one of the judges; the other
is the jury.  It is my duty to preside over the trial and to determine what testimony and evidence
is relevant under the law for your consideration.  It is also my duty at the end of the trial to
instruct you on the law applicable to the case.

Case 7:12-cr-00020-FL    Document 327    Filed 11/08/12    Page 1 of 34

You, as jurors, are the judges of the facts.  But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

And you must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his or her innocence or produce any evidence at all, and no inference whatever may be drawn from the defendant not testifying. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

3

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

4

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. In this regard, I remind you that the defendant has chosen, as is his right, to represent himself. It is, therefore, important for you to remember that anything he has said to you in his role as lawyer is not evidence in the case and is not be considered by you as such.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you. Also, during the course of a trial I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he or she should respond to the questions of counsel. Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

5

While you may consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You may also consider either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating either the guilt or innocence of the defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all of the evidence and be convinced of the defendant's guilt beyond a reasonable doubt before the defendant can be convicted.

6

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness' testimony. In weighing the testimony of a witness, you should consider the following factors:

-- the relationship of the witness to the government or a defendant;

-- the interest of the witness, if any, in the outcome of the case;

-- the witness' manner of testifying;

-- the opportunity of the witness to observe or acquire knowledge concerning facts about which the witness testified;

-- the witness' candor, fairness and intelligence; and

-- the extent to which the witness has been supported or contradicted by other reliable evidence.

You may, in short, accept or reject the testimony of any witness in whole or in part.

7

A witness may be discredited or "impeached" by contradictory evidence, by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The fact that a witness has previously been convicted of a felony is also a factor you may consider in weighing the credibility of that witness. The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to be given to the witness' testimony.

In this case, the government called as some of its witnesses alleged accomplices, named as co-defendants in the indictment, with whom the government has entered into plea agreements providing for a lesser sentence than the witness would otherwise be exposed to for the offense to which the witness pled guilty. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, does not thereby become incompetent as a witness. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty.

The testimony of an alleged accomplice and the testimony of one who provides evidence against the defendant as an informer must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness' testimony has been affected by an interest in the outcome of the

8

case; and, if you determine that the testimony of such a witness was affected by such factor, you should keep in mind that such testimony is always to be received with caution and weighed with great care.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence, in and of itself, of the guilt of any other person.

9

Audio recordings of conversations have been received in evidence and have been played for you. Typewritten transcripts of these recorded conversations were provided to you. As I explained to you during the trial, these typewritten transcripts of the conversations were given to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The audio recordings themselves are evidence in the case and the typewritten transcripts are not evidence. What you hear on the recordings is evidence. What you read on the transcript is not. If you perceive any variation between the two, you will be guided solely by the audio recordings and not by the transcripts.

If you cannot, for example, determine from the audio recording that particular words were spoken or if you cannot determine from the audio recording who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

10

You have heard the testimony of law enforcement officials. The fact that a witness may be employed as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At that same time, it is quite legitimate for the defendant to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

11

Some of you jurors have taken notes during the course of this trial. Notes are only an aid to memory and should not be given precedence over your independent recollection of the facts. A juror who did not take notes should rely on his or her independent recollection of the proceedings and should not be influenced by the notes of other jurors.

12

The Indictment charges the defendant Hysen Sherifi with nine counts. Count One charges him with conspiracy to commit a murder-for-hire. Counts Two through Five charge him with using interstate commerce facilities in the commission of murder-for-hire and aiding and abetting others in doing so. Count Six charges the defendant with conspiracy to retaliate against a witness. Count Seven charges the defendant with retaliation against a witness and aiding and abetting others in doing so. Count Eight charges him with conspiracy to tamper with a witness. Count Nine charges the defendant with tampering with a witness and aiding and abetting others in doing so. I will now instruct you on the law with regard to each of these counts.

13

Count One charges that beginning no later than in or about December 2011, and continuing up to and including on or about January 22, 2012, in the Eastern District of North Carolina and elsewhere, the defendant, HYSEN SHERIFI, and others did knowingly conspire, confederate, agree and have a tacit understanding with each other and others known and unknown to the Grand Jury to travel in, and cause another to travel in, interstate commerce, and use and cause another to use the mail and facilities of interstate commerce, with the intent that a murder be committed in violation of the laws of North Carolina as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value, specifically, United States currency, in violation of Title 18, United States Code, Section 1958 (a).

That law provides in relevant part that

Whoever travels in or causes another . . . to travel in interstate . . . commerce, or uses or causes another . . . to use the mail or any facility of interstate . . . commerce, with intent that a murder be committed in violation of the laws of any State . . . as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so, shall [be guilty of an offense against the United States].

In order to establish the offense proscribed by that statute, the government must prove each of the following elements beyond a reasonable doubt:

First: that two or more persons conspired and agreed to achieve the unlawful purpose of murder-for-hire, that is, to travel or cause another to travel in interstate commerce, or to use or cause another to use the mail or any facility of interstate . . . commerce, with intent that a murder be committed

14

in violation of the laws of North Carolina as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value;

Second: that the defendant knew of the conspiracy; and

Third: that the defendant knowingly and willfully became a member of the conspiracy.

A "conspiracy" is a combination or agreement of two or more persons to join together to attempt to accomplish some unlawful purpose. It is a kind of "partnership in criminal purposes" in which each member becomes the agent of every other member. The gist or essence of the offense is a combination or mutual agreement by two or more persons to disobey, or disregard, the law.

The evidence in the case need not show that the alleged members of the conspiracy entered into any express or formal agreement; or that they directly stated between themselves the details of the scheme and its object or purpose; or the precise means by which the object or purpose was to be accomplished. Similarly, the evidence in the case need not establish that all of the means or methods which were agreed upon were actually used or put into operation. Neither must it be proved that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

One may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a defendant, with an understanding of the unlawful character of a plan, knowingly and willfully joins in an unlawful scheme on one occasion, that is sufficient to convict the defendant for conspiracy even though he or she had not participated at earlier stages in the scheme and

15

even though he or she played only a minor part in the conspiracy.

Of course, mere presence at the scene of an alleged transaction or event, or mere similarity of conduct among various persons and the fact that they may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some object or purpose of a conspiracy, does not thereby become a conspirator.

As I previously instructed you, one of the things the government must prove beyond a reasonable doubt is two or more persons conspired and agreed to achieve the unlawful purpose of murder-for-hire, that is, to travel or cause another to travel in interstate commerce, or to use or cause another to use the mail or any facility of interstate commerce, with intent that a murder be committed in violation of the laws of North Carolina as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value.

"Interstate" means when something crosses state lines, and "commerce" means trade, traffic, transportation or communication among states. "Facility of interstate commerce" includes means of transportation and communication, such as telephones, automobiles, and airplanes.. However, the defendant's use of the facility need not be in interstate commerce. For example, using the Internet or making a telephone call or sending a telegram constitute the use of a facility of interstate commerce regardless of whether the particular communication which is alleged actually crossed a state line. Likewise, travel on an interstate highway constitutes the use of a facility of interstate commerce regardless of whether such alleged travel actually involved crossing a state line. Any use of the United States mail constitutes the use of a

16

facility of interstate commerce.

A "state" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

Under North Carolina law, a person commits murder if he or she kills another human being with malice and with premeditation and deliberation. The element of malice may be established by at least three different types of proof: (1) express hatred, ill-will or spite; (2) commission of inherently dangerous acts in such a reckless and wanton manner as to manifest a mind utterly without regard for human life and social duty and deliberately bent on mischief; or (3) a condition of mind which prompts a person to take the life of another intentionally without just cause, excuse, or justification. Premeditation means that the act was thought out beforehand for some length of time, however short, but no particular amount of time is necessary for the mental process of premeditation. Deliberation means an intent to kill, carried out in a cool state of blood, in furtherance of a fixed design for revenge or to accomplish an unlawful purpose and not under the influence of a violent passion, suddenly aroused by lawful or just cause or legal provocation.

"As consideration for" simply means "in return for." The "in return for" may be a promise or agreement to pay anything of pecuniary value. "Anything of pecuniary value" means anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage.

As I said previously, the other elements that the government must prove beyond a reasonable doubt are that the defendant knew of the conspiracy and that the defendant knowingly and willfully became a member of the conspiracy. "Knowingly" means that the act was done

17

voluntarily and intentionally and not because of mistake or accident. "Willfully" means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law. "Specific intent" means more than the general intent to commit the act. To establish specific intent, the government must prove that the defendant knowingly did an act which the law forbids or knowingly failed to do an act which the law requires, purposely intending to violate the law. Such intent may be determined from all the facts and circumstances surrounding the case.

So, members of the jury, if you find from the evidence and beyond a reasonable doubt that:

> First: two or more persons conspired and agreed to achieve the unlawful purpose of murder-for-hire, that is, to travel or cause another to travel in interstate commerce, or to use or cause another to use the mail or any facility of interstate . . . commerce, with intent that a murder be committed in violation of the laws of North Carolina as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value;

> Second: the defendant knew of the conspiracy; and

> Third: the defendant knowingly and willfully became a member of the conspiracy,

then it would be your duty to find the defendant "guilty" of Count One. If you fail to so find, then you must find the defendant "not guilty" of Count One.

18

Counts Two through Five charge that on or about the dates alleged in the Indictment, in the Eastern District of North Carolina and elsewhere, the defendant, HYSEN SHERIFI, and others, aiding and abetting each other, did knowingly use and cause another to use a facility of interstate commerce, with the intent that a murder be committed in violation of the laws of North Carolina as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value, specifically, United States currency, in violation of Title 18, United States Code, Section 1958(a) and Section 2.

Count Two charges that on or about January 2, 2012, the defendant committed the offense with a motor vehicle being the specific facility of interstate commerce used. Count Three charges that on or about January 2, 2012, the defendant committed the offense with a telephone being the specific facility of interstate commerce used. Count Four charges that on or about January 8, 2012, the defendant committed the offense with a motor vehicle being the specific facility of interstate commerce used. Count Five charges that on or about January 8, 2012, the defendant committed the offense with a telephone being the specific facility of interstate commerce used.

These counts allege that the defendant violated Title 18, United States Code, Section 1958(a). You will recall that Count One also alleges a violation of this statute. The relevant part of the statute for purposes of Counts Two through Five states that:

> Whoever travels in or causes another . . . to travel in interstate or foreign commerce, or uses or causes another . . . to use the mail or any facility of interstate . . . commerce, with intent that a murder be committed in violation of the laws of any State . . . as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value . . . shall [be

19

guilty of an offense against the United States].

In order to establish this offense, the government must prove each of the following elements beyond a reasonable doubt:

First: that the defendant traveled or caused another person to travel in interstate commerce, or used or caused another person to use the mail or any facility of interstate commerce;

Second: that the defendant did so with the intent that a murder be committed in violation of the laws of North Carolina; and

Third: as consideration for the receipt of or promise or agreement to pay anything of pecuniary value.

My instructions on Count One regarding the definitions of "interstate commerce," "facility of interstate commerce," "as consideration for," and "anything of pecuniary value" apply also to your consideration of Counts Two through Five. My instructions on Count One about murder under North Carolina law also apply to your consideration of these Counts.

Counts Two through Five also charge the defendant with aiding and abetting another in the commission of using interstate commerce facilities in the commission of murder-for-hire in violation of Title 18, United States Code, Section 2. The guilt of an accused in a criminal case may be established without proof that the accused personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do alone may also be accomplished through direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

Title 18, United States Code, Section 2(a) provides:

Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces,

20

or procures its commission, is punishable as a
principal.

So, if the defendant aids and abets another person by knowingly and deliberately joining together with such person in the commission of a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Notice, however, that before the defendant may be held criminally responsible for the acts of others it is necessary that he or she knowingly and deliberately associate in some way with the criminal venture, and willfully participate in it as he or she would in something he or she wishes to bring about; that is to say, that the defendant willfully seek by some act or omission to make the criminal venture succeed.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that the defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find the defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant knowingly and deliberately participated in its commission.

So, members of the jury, if you find from the evidence and beyond a reasonable doubt that:

| First: | the defendant traveled or caused another person to travel in interstate commerce, or used or caused another person to use the |
|---|---|

21

|  | mail or any facility of interstate commerce; |
| Second: | the defendant did so with the intent that a murder be committed in violation of the laws of North Carolina; and |
| Third: | as consideration for the receipt of or promise or agreement to pay anything of pecuniary value, |

then it would be your duty to find the defendant "guilty" of the Count you are then considering.

If you fail to so find, then you must find the defendant "not guilty" of the Count you are then

considering.

22

Count Six charges that beginning no later than in or around December 2011, and continuing up to and including on or about January 22, 2012, in the Eastern District of North Carolina and elsewhere, the defendant, HYSEN SHERIFI, and others, did knowingly conspire, confederate, agree and have a tacit understanding with each other and others known and unknown to the Grand Jury, to kill other persons, with intent to retaliate against any person for testimony given by a witness in an official proceeding, that is, the providing of testimony on behalf of the United States in the trial of United States v. Sherifi, et al., 5:09-CR-216-FL, in or about September through October 2011 in the Eastern District of North Carolina, in violation of Title 18, United States Code, Section 1513(a)(1)(A), all in violation of Title 18, United States Code, Section 1513(f).

This statute provides in relevant part that whoever conspires "to kill[] . . . another person with intent to retaliate against any person for . . . any testimony given . . . by a witness in an official proceeding" shall be guilty of an offense against the United States.

In order to establish the offense proscribed by this statute, the government must prove each of the following elements beyond a reasonable doubt:

First: that two or more persons conspired and agreed to kill another person with the intent to retaliate against any person for any testimony given by a witness in an official proceeding;

Second: that the defendant knew of the conspiracy; and

Third: that the defendant knowingly and willfully became a member of the conspiracy.

My prior instructions about what a conspiracy is, how one becomes a member of

23

a conspiracy, and what "knowingly" and "willfully" mean apply to your consideration of this Count.

"Official proceeding" means a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury; a proceeding before the Congress; a proceeding before a Federal Government agency which is authorized by law; or a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or agency or any agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce.

So, members of the jury, if you find from the evidence and beyond a reasonable doubt that:

> First: two or more persons conspired and agreed to kill another person with the intent to retaliate against any person for any testimony given by a witness in an official proceeding;
>
> Second: the defendant knew of the conspiracy; and
>
> Third: the defendant knowingly and willfully became a member of the conspiracy,

then it would be your duty to find the defendant "guilty" of Count Six. If you fail to so find, then you must find the defendant "not guilty" of Count Six.

24

Count Seven charges that beginning no later than in or around December 2011, and continuing up to and including on or about January 22, 2012, in the Eastern District of North Carolina and elsewhere, the defendant, HYSEN SHERIFI, and others, aiding and abetting each other, did knowingly attempt to kill other persons, with intent to retaliate against any person for testimony given by a witness in an official proceeding, that is, the providing of testimony on behalf of the United States in the trial of United States v. Sherifi, et al., 5:09-CR-216-FL, in or about September through October 2011 in the Eastern District of North Carolina, in violation of Title 18, United States Code, Section 1513(a)(1)(A) and Section 2.

Title 18, United States Code, Section 1513(a)(1)(A), provides in relevant part that

Whoever . . . attempts to kill another person with intent to retaliate against any person for . . . any testimony given . . . by a witness in an official proceeding [shall be guilty of an offense against the United States].

In order to establish the offense proscribed by this statute, the government must prove each of the following elements beyond a reasonable doubt:

First:        that the defendant attempted to kill another person; and

Second:    that the defendant did so with the intent to retaliate against any person for any testimony given by a witness in an official proceeding.

In order to prove an attempt to commit a crime, the government must prove beyond a reasonable doubt (1) that the defendant had the culpable intent to commit the crime charged and (2) that the defendant took a substantial step towards the completion of the crime.

I have previously defined the term "official proceeding" for you and my previous definition applies to your consideration of this count.

25

Count Seven also charges the defendant with aiding and abetting another in the retaliation against a witness in violation of Title 18, United States Code, Section 2. My prior instructions regarding aiding and abetting another in the commission of an offense apply to your consideration of this count.

So, members of the jury, if you find from the evidence and beyond a reasonable doubt that:

First: the defendant attempted to kill another person; and

Second: the defendant did so with the intent to retaliate against any person for any testimony given by a witness in an official proceeding,

then it would be your duty to find the defendant "guilty" of Count Seven. If you fail to so find, then you must find the defendant "not guilty" of Count Seven.

26

Count Eight charges that beginning no later than in or around December 2011, and continuing up to and including on or about January 22, 2012, in the Eastern District of North Carolina and elsewhere, the defendant, HYSEN SHERIFI, and others, did knowingly conspire, confederate, agree and have a tacit understanding with each other and others known and unknown to the Grand Jury, to kill other persons, with the intent to prevent the attendance and testimony of any person in official proceedings, including the trial of United States v. Subasic, 5:09-CR-216-3FL, scheduled for trial in 2012 in the Eastern District of North Carolina, in violation of Title 18, United States Code, Section 1512(a)(1)(A), all in violation of Title 18, United States Code, Section 1512(k).

This statute provides in relevant part that whoever conspires "to kill[] . . . another person with intent to [] prevent the attendance or testimony of any person in an official proceeding" shall be guilty of an offense against the United States.

In order to establish the offense proscribed by this statute, the government must prove each of the following elements beyond a reasonable doubt:

> First: that two or more persons conspired and agreed to kill another person with the intent to prevent the attendance or testimony of any person in an official proceeding;
>
> Second: that the defendant knew of the conspiracy; and
>
> Third: that the defendant knowingly and willfully became of a member the conspiracy.

My prior instructions about what a conspiracy is, how one becomes a member of a conspiracy, and what "knowingly" and "willfully" mean apply to your consideration of this count. I have

27

previously defined the term "official proceeding" and my previous definition applies to your

consideration of this count.  For the purposes of this count, an official proceeding need not be

pending or about to be instituted at the time of the offense.

So, members of the jury, if you find from the evidence and beyond a reasonable

doubt that:

First: that two or more persons conspired and agreed to kill another person with the intent to prevent the attendance or testimony of any person in an official proceeding;

Second: that the defendant knew of the agreement; and

Third: that the defendant intentionally joined the conspiracy,

then it would be your duty to find the defendant "guilty" of Count Eight.  If you fail to so find,

then you must find the defendant "not guilty" of Count Eight.

28

Count Nine charges that beginning no later than in or around December 2011, and continuing up to and including on or about January 22, 2012, in the Eastern District of North Carolina and elsewhere, the defendant, HYSEN SHERIFI, and others, aiding and abetting each other, did knowingly attempt to kill other persons, with the intent to prevent the attendance and testimony of any person in official proceedings, including the trial of United States v. Subasic, 5:09-CR-216-3FL, scheduled for trial in 2012 in the Eastern District of North Carolina, in violation of Title 18, United States Code, Section 1512(a)(1)(A) and Section 2.

Title 18, United States Code, Section 1512(a)(1)(A), provides in relevant part that

Whoever . . . attempts to kill another person with intent to []
prevent the attendance or testimony of any person in an official
proceeding [shall be guilty of an offense against the United States].

In order to establish the offense proscribed by this statute, the government must prove each of the following elements beyond a reasonable doubt:

First: that the defendant attempted to kill another person; and

Second: that the defendant did so with intent to prevent the attendance or testimony of any person in an official proceeding.

I have previously defined the term "official proceeding" and what the government must prove for an attempt to commit a crime, and my previous instructions apply to your consideration of this count. For the purposes of this count, an official proceeding need not be pending or about to be instituted at the time of the offense.

Count Nine also charges the defendant with aiding and abetting another in the retaliation against a witness in violation of Title 18, United States Code, Section 2. My prior

29

instructions regarding aiding and abetting another in the commission of an offense apply to your

consideration of this count.

So, members of the jury, if you find from the evidence and beyond a reasonable

doubt that:

<u>First</u>:      the defendant attempted to kill another person; and

<u>Second</u>:    the defendant did so with intent to prevent the attendance or testimony of any person in an official proceeding,

then it would be your duty to find the defendant "guilty" of Count Nine. If you fail to so find,

then you must find the defendant "not guilty" of Count Nine.

30

You will note that the Indictment charges that the offenses were committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

31

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

I caution you, members of the jury, that you are here to determine the guilt or innocence of the accused from the evidence in this case. The defendant is not on trial for any act or conduct or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt or innocence of any other person not on trial as a defendant in this case.

Also, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court or judge, and should never be considered by the jury in any way, in arriving at an impartial verdict as to the guilt or innocence of the accused.

Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.   But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.

34